IN THE MATTER OF THE REPORT OF THE COMMISSIONERS OF ASSESSMENT FOR GRADING, PAVING, ETC., SACKETT STREET, IN THE CITY OF BROOKLYN.

The power of the legislature to apportion the assessment of taxes, is as broad as the power of taxation itself.

APPEAL from an order confirming a report of commissioners appointed to make an assessment for certain local improvements. The improvement for which said assessment was laid, consisted of the grading and paving of Degraw and Douglass streets, from New York avenue easterly to the city line, a distance of about eight thousand feet; and of grading, paving, ornamenting, and otherwise improving Sackett street, from Washington avenue to the city line, a distance of about twelve thousand feet. The portion of the above mentioned streets improved as above stated, are situated in an unimproved portion of the city, which is unoccupied for the ordinary purposes of a city. On some lots included in the district of assessment fixed for said improvement, no assessment is laid, and the assessment laid on some of the lots of the appellants, situated in said district, is more than the sum at which said lots are valued or assessed for the purpose of annual taxation. The improvement referred to above was commenced under the authority of an act of the legislature, entitled "An act to widen portions of Sackett, Douglass and President streets, and otherwise to alter the commissioners' map of the city of Brooklyn "

* Glacius v. Black, 50 N. Y., 145.

(chapter 631 of the Laws of 1868), passed May 6, 1868, and continued under the acts amendatory thereof and supplementary thereto, to wit: chapter 710 of Laws of 1872, chapter 592 of Laws of 1873, and chapter 588 of Laws of 1874. And the said improvement was completed after the passage of the last above mentioned act.

*Winchester Britton* and *Benjamin F. Tracy*, for the appellants.

*Wm. C. De Witt*, for the respondent.

BARNARD, P. J.:

The objections taken, upon this appeal, to the title of the acts under which the improvements in question were made, have been passed upon by this court in *The People ex rel. McCann* v. *Schroeder*.

The power conferred by the act upon the park commissioners to make the district of assessment, is unobjectionable. " There being no constitutional prohibition, the legislature may create a district for that special purpose, or they may tax a class of lands or persons benefited, to be designated by the public agents appointed for that purpose, without reference to town, county or district lines." * It is no new exercise of the power. In some cases, the common council, by law, fix the district of assessment; in others, the assessors levy the assessment upon property they deem benefited. The power of apportionment of taxation is as unlimited as the power of taxation itself.

It appears by the papers that, in some instances, the benefit received by the lands assessed, by reason of the improvement, is greater than the assessed value for purposes of annual taxation. This is urged as an objection to the report. It may well happen that lands of small value may be much increased by an improvement as expensive and attractive as this appears to be. In the absence of evidence, we cannot intend fraud or partiality from the fact alone.

Order affirmed, with costs.

Present — BARNARD, P. J., and TAPPEN, J.

Order affirmed, with costs.

* The People v. Mayor of Brooklyn, 4 N. Y., 419.